1
2
3
4
5
6
7
8 UNITED STATES DISTRICT COURT

9 SOUTHERN DISTRICT OF CALIFORNIA

10

11 DUWAYNE JACKSON,

12                                    Plaintiff,

13 v.

14 F. AVILES, et al.,

15                                    Defendants.

16

17

18

Case No.: 18CV60-BAS (BLM)

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

**[ECF NO. 21]**

19       On October 10, 2018, Plaintiff submitted a motion for appointment of counsel that was

20 accepted by the Court on discrepancy on October 17 2018. See ECF Nos. 20 and 21. Plaintiff

21 argues that counsel should be appointed in part because he "has a serious mental illness and a

22 high risk of decompensation, depression, anxiety, bipolar disorder, which may result into

23 placement into a mental health hospital at times." ECF No. 21 at 2. In support of his claim,

24 Plaintiff attaches records from the Department of Corrections and Rehabilitation and the Office

25 of Administrative Hearings for the State of California. Id. at 11-23. Plaintiff further argues that

26 counsel should be appointed because (1) his case is complex, (2) his case requires medical

27 experts, (3) the parties have demanded a jury trial, (4) discovery will be required, (5) the parties

28 will have differing positions, (6) he only has a junior high school education and no legal

1

education, (7) he has limited access to legal materials due to his placement in the Administrative Segregation Unit and no ability to investigate his case, and (8) he is indigent.  Id. at 1-4 and 6-8.

## A. **Appointment of Counsel**

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981).  However, under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances."  Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004).  A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'"  Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

## B. **Competency**

In Allen v. Calderon, 408 F.3d 1150, 1153-54 (9th Cir. 2005)[1], the Ninth Circuit Court of Appeals explained that a district court must hold a competency hearing "when substantial evidence of incompetence is presented."  Allen, 408 F.3d at 1153.  If a competency hearing is warranted, the Court may appoint counsel for the limited purpose of representing the petitioner at the competency hearing.  Id. (citing Rule 8(c) of the Rules Governing Section 2254 Cases ("[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A")).  In determining whether Petitioner has presented "substantial evidence of incompetence," the Court may consider any appropriate evidence including sworn declarations by Petitioner or other inmates,

---

[1] While Allen was written in the context of a habeas case, it has been applied in cases under section 1983.  See Tran v. Gore, 2013 WL 692089, *3 (S.D. Cal. Feb. 25, 2013) (citing McElroy v. Cox, 2009 WL 4895360, *3 (E.D. Cal. Dec. 11, 2009) (a § 1983 case where "Judge Battaglia applied *Allen* and found that there was no nexus between Plaintiff's mental disorder and his ability to articulate his claims.").

2

1  sworn declarations or letters from treating or prison psychiatrists or psychologists, and relevant

2  medical records.  Allen, 408 F.3d at 1151-53.

3      C. **Discussion**

4      The Court has reviewed all of the documents filed by Plaintiff in this case including the

5  instant motion, the complaint (ECF No. 1), a motion to proceed *in forma pauperis* (ECF No. 2),

6  a previous motion for the appointment of counsel (ECF No. 4), the First Amended Complaint

7  (ECF No. 6), a notice of change of address (ECF No. 9), a motion for a pre-trial conference of

8  settlement (ECF No. 17), and a motion for order compelling discovery (ECF No. 23).  From the

9  Court's review of these documents, it is clear that Plaintiff is able to articulate the claims of his

10  case without legal assistance.  Under such circumstances, a district court does not abuse its

11  discretion in denying a state prisoner's request for appointment of counsel as it is simply not

12  warranted by the interests of justice.  See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987)

13  (affirming district court's denial of request for appointment of counsel where pleadings

14  demonstrated petitioner had "a good understanding of the issues and the ability to present

15  forcefully and coherently his contentions").  The Court previously denied Plaintiff's request for

16  counsel [see ECF No. 5] and Plaintiff's current request does not provide any new facts justifying

17  such an extraordinary remedy.  See ECF No. 21.  Further, Plaintiff has not demonstrated a

18  likelihood of success on the merits such that his case should be classified as an "exceptional

19  circumstance[]." Agyeman, 390 F.3d at 1103; see also Wilborn, 789 F.2d at 1331

20      It is unclear if Plaintiff is requesting the appointment of counsel on the ground that he is

21  incompetent due to a mental illness or disability.  While Plaintiff has provided evidence of a

22  psychiatric condition, the evidence establishes the condition is being controlled with medication

23  (at least through August 15, 2019).  See ECF No. 21 at 11-21.  Plaintiff has not submitted the

24  required "substantial evidence" of incompetence to warrant a competency hearing.  Plaintiff

25  does not allege that the mental illness he suffers from prevents him from understanding and

26  responding to court orders.  Additionally, the Court's review of Plaintiff's filings in this matter

27  does not support such a position. Accordingly, the Court finds there is no basis for a competency

28  hearing and therefore no need to appoint counsel to participate in that hearing.

3

Because Plaintiff has not alleged the requisite "exceptional circumstances," the Court **DENIES** without prejudice Plaintiff's request for appointment of counsel.

       **IT IS SO ORDERED**.

Dated: 10/18/2018

Hon. Barbara L. Major
United States Magistrate Judge

18cv60-BAS (BLM)