UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUWAYNE JACKSON,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>F. AVILES, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 18CV60-BAS (BLM)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY**<br><br>**[ECF NOs. 23 and 28]** |

Currently before the Court is Plaintiff's November 29, 2018 motion to compel discovery [see ECF No. 28 ("MTC")] and Defendants' January 4, 2019 opposition to the motion [see ECF No. 32 ("Oppo.")].

**RELEVANT BACKGROUND**

On October 8, 2018, Plaintiff submitted a motion for order compelling discovery that was accepted by the Court on discrepancy on October 18, 2018. See ECF Nos. 22 and 23. Plaintiff's motion argued that Defendant F. Aviles failed to provide sufficient responses to Plaintiff's Requests for Admissions ("RFAs") Nos. 1- 8. ECF No. 23 at 1. Plaintiff attached a copy of the RFAs and Defendant Aviles' responses to the requests. Id. at 5-8. In the motion, Plaintiff complained that Defendant Aviles objected to the RFAs as "irrelevant," argued that "each item

1

sought by the Plaintiff is relevant to the claims and defenses in the case," and asserted that he is seeking grievances and complaints regarding inmate mistreatment by Defendants Aviles, Fink, Mendoza, and Osgood. Id. at 1-2. The Court's review of Plaintiff's motion revealed that the attached RFA responses did not include relevancy objections and Plaintiff's argument appeared to address a Request for Production of Documents ("RFP") rather than an RFA. Id. Plaintiff's argument discussed in detail an "Item 1" but alluded to additional items (or discovery requests) that may be at issue. Id. at 2-3. As such, it was unclear whether Plaintiff was moving to compel further responses to RFAs or RFPs and whether Plaintiff was moving to compel a further response to one request or more than one request.

To enable the Court to properly consider Plaintiff's request, Plaintiff was ordered to refile his motion to compel on or before December 7, 2018 with (1) an explanation as to whether he is moving to compel a further response to RFPs, RFAs, or both, (2) a copy or verbatim statement of each RFP or RFA Plaintiff is moving to compel and Defendants' response to it, (3) each discovery request to which Plaintiff is seeking to compel further response, and (4) for each request, a detailed explanation as to why Plaintiff is seeking the information, how the requested information is relevant to the case, and why Defendants' response is improper or insufficient. ECF Nos. 25 and 27. Defendants were ordered to file their opposition to the motion on or before January 7, 2019. ECF No. 27.

## **LEGAL STANDARD**

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. See

Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Id. at 34(b)(2)(B). The responding party is responsible for all items in "the responding party's possession, custody, or control." Id. at 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995). "The party seeking production of the documents bears the burden of proving that the documents are in the other party's possession, custody, or control." Philippe Charriol Int'l Ltd. v. A'lor Int'l Ltd., 2016 WL 7634440, at *2 (S.D. Cal. Mar. 10, 2016) (citing United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989)).

## **DISCUSSION**

Plaintiff seeks to compel further response from Defendant Aviles to RFPs No. 1, 4, 5 and 7. MTC at 2-3. Defendants contend that the motion to compel should be denied because Plaintiff failed to meet and confer and because they have produced all responsive documents.[1]

---

[1] While the Court believes that meeting and conferring is a critical part of the discovery dispute process as discussed in the Court's Chambers Rules, and recognizes that failure to meet and confer can be grounds for denying a motion to compel, in light of Plaintiff's *pro se* and custodial status and the Court's need to give *pro se* prisoners the benefit of the doubt, the Court declines to deny the instant motion based solely on the fact that Plaintiff failed to meet and confer with Defendants prior to filing the motion.

3

Oppo. at 6, 9.

   A.   Request for Production No. 1

RFP No. 1 seeks "all documents that pertain, verify, or suggest for inspection within the served parties' possession or control to measure survey or copy 'CDCR's' employee or officer employee, liability insurance policy of Defendant F. Aviles." MTC at 13. Defendant Aviles responded to RFP No. 1 with "Defendant objects to this request on the grounds that it lacks foundation in that CDCR is an agency of the State of California, and does not have a separate employee or officer-employee liability policy." Id.

Plaintiff argues that "[t]he requested information is relevant to the claim 'vicarious liability' of the employee wrongful acts necessary incidental to his work" and that Defendants' response is incomplete. Id. at 2. Defendants contend that Plaintiff's request should be denied because the documents Plaintiff is seeking do not exist. Oppo. at 9. Specifically, Defendants state that they "do not have an employee liability policy because, as a government entity, the State is self-insured." Id. Defendants note that they cannot be compelled to produce documents that do not exist. Id. at 10.

Defendant Aviles has responded that the requested documents do not exist because the CDCR is self-insured and does not have a separate employee liability policy. See ECF No. 32-1, Declaration of Christopher H. Findley in Support of Defendants' Opposition to Motion to Compel ("Findley Decl.") at ¶ 5. Accordingly, Plaintiff's motion to compel further response to RFP No. 1 is **DENIED**.

   B.   Request for Production No. 4

RFP No. 4 seeks "all geographical photographs of the small management yard in the 'RJDCF' administrative segregation specifically cage # 15 and # 16 and the food port within the served parties' possession or control to inspect, measure, survey, or copy." Id. at 14. Defendant Aviles responded to RFP No. 4 by stating that "[a]fter a diligent inspection, Defendant has not located pictures of the small management yard in the 'RJDCF' administrative segregation specifically cage #15 and #16 and the food port. Defendant objects to the extent the request demands that CDCR generate documents, such as taking photographs, in response to

4

1 discovery." Id.

2 Plaintiff argues that Defendant Aviles' response is incomplete and evasive. MTC at 3.
3 Defendants contend that Plaintiff's request should be denied because the documents Plaintiff is
4 seeking do not exist. Oppo. at 9. Specifically, Defendants state that "after searching for the
5 documents, there are no pictures of the small management yard." Id. Defendants note that
6 they cannot be compelled to produce documents that do not exist and that they are not required
7 to take new photos for the sole purpose of responding to Plaintiff's discovery request. Id. at 10.

8 Defendants state that they conducted a diligent search and the requested items do not
9 exist. Plaintiff has not presented any contrary evidence. Accordingly, Plaintiff's motion to
10 compel further response to RFP No. 4 is **DENIED**.

   C.   Request for Production No. 5

12 RFP No. 5 seeks "all documents that verify or pertain to or relate to any cell search
13 receipts of Plaintiff's assigned housing cell while in 'RJDCF' administrative segregation from
14 March 2017 to April 2017 within the served parties' possession or control for inspection,
15 measure, survey, or copy." MTC at 14. Defendants respond to RFP No. 5 by stating that "[a]fter
16 a diligent inspection; Defendants were not able to locate any documents." Id.

17 Plaintiff argues that Defendant's response is incomplete and evasive and that the
18 documents are relevant to his claims regarding Defendants' retaliatory behavior and harassment.
19 MTC at 3. Defendants contend that Plaintiff's request should be denied because the documents
20 Plaintiff is seeking do not exist. Oppo. at 9. Specifically, Defendants contend that they "after
21 searching for the documents, there are no . . . . . cell search receipts of Plaintiff's cell." Id. at
22 9-10. Defendants note that they cannot be compelled to produce documents that do not exist.
23 Id. at 10.

24 Defendants state that they conducted a diligent search and the requested items do not
25 exist. Plaintiff has not presented any contrary evidence. Accordingly, Plaintiff's motion to
26 compel further response to RFP No. 5 is **DENIED**.

   D.   Request for Production No. 7

28 RFP No. 7 seeks "all documents or tangible things of video recordings that verify or pertain

5

to the use of force concerning the executive review committee relative to the Plaintiff incident on date March 31, 2017 with in [sic] the served parties' possession control to inspect, measure, survey, or copy." MTC at 15. Defendant Aviles responded to RFP No. 7 by stating that "[a]fter a diligent inspection; Defendant was not able to locate any documents." Id.

Plaintiff argues that Defendant Aviles' response is incomplete and evasive and that the requested evidence "shows my account of injuries sustained and also witness N. Jackson[']s personal account of the incident." MTC at 3-4. Defendants contend that Plaintiff's request should be denied because the documents Plaintiff is seeking do not exist. Oppo. at 9. Specifically, Defendants contend that they "after searching for the documents, there are no . . . . . video recordings of the incident on March 31, 2017." Id. at 9-10. Defendants note that they cannot be compelled to produce documents that do not exist. Id.

Defendants state that there is no video recording of the incident on March 31, 2017. Plaintiff disputes this statement, asserting that a video was recorded in accordance with CCR Title 15 Section 3268.1(d).[2] MTC at 3-4. Defendants do not address Plaintiff's argument. Oppo. at 10. Accordingly, Plaintiff's motion to compel a further response to RFP No. 7 is **GRANTED**.

Defendant Avila must produce the identified video or explain why the video allegedly required by CCR Title 15 Section 3268.1(d) was not take or, if taken, why it no longer is available. Defendant Avila must provide this supplemental response by **February 8, 2019**.

///

---

[2] 15 CCR §3268.1 is entitled Reporting and Investigating the Use of Force for Institution/Facility Staff. Section (d) is entitled Video Recording Requirements and states

> (1) A video recording is required for all Controlled Uses of Force occurrences. A video recording of the inmate is also required following a use of force occurrence resulting in SBI or GBI to the inmate and shall be documented on a CDCR Form 3013-1 (10/15), Inmate Interview for GBI and SBI Worksheet and a CDCR Form 3014 (Rev. 10/15), Report of Findings - Inmate Interview, which are hereby incorporated by reference. (2) A video recording of the inmate shall be made when the inmate has made an allegation of an unnecessary or excessive use of force and shall be documented on a CDCR Form 3013-2 (Rev. 10/15), Inmate Interview for Allegation Worksheet and a CDCR Form 3014 (Rev. 10/15), Report of Findings – Inmate Interview, which are hereby incorporated by reference.

E. <u>Motions to Compel Regarding Defendants Mendoza and Osgood</u>

In their opposition, Defendants address two motions to compel that apparently were served on them by Plaintiff, but were not filed with the Court. Oppo. at 8, 10-24; <u>see also</u> Docket. Defendants argue that the Court should not consider Plaintiff's motions to compel discovery from Defendants Mendoza and Osgood because Plaintiff failed to meet and confer prior to serving the motion and the motions were not filed with the Court. <u>Id.</u> at 10. Defendants also argue that "[e]ven if the Court were to consider the motion, it should be denied." <u>Id.</u>

The Court will not consider Plaintiff's motions to compel discovery from Defendants Mendoza and Osgood because the motions were not filed with the Court. While *pro se* prisoners are given the benefit of the doubt, the Court does not extend that benefit to ruling on motions that Plaintiff has not even attempted to file.

## **CONCLUSION**

Plaintiff's motion to compel further response to Requests for Production Nos. 1, 4, and 5, is **DENIED**.

Plaintiff's motion to compel further response to Request for Production No. 7 is **GRANTED**. Defendant Avila must supplement his response by **February 8, 2019**.

**IT IS SO ORDERED**.

Dated: 1/18/2019

Hon. Barbara L. Major
United States Magistrate Judge

7