# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUWAYNE JACKSON,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>F. AVILES, *et al*.,<br><br>　　　　　　　　Defendants. | Case No. 18-cv-0060-BAS-BLM<br><br>**ORDER:**<br><br>**(1) OVERRULING PLAINTIFF'S OBJECTION**<br>**[ECF No. 61];**<br><br>**(2) APPROVING AND ADOPTING REPORT AND RECOMMENDATION IN PART**<br>**[ECF No. 56];**<br><br>**(3) GRANTING DEFENDANT FINK'S MOTION FOR SUMMARY JUDGMENT**<br>**[ECF No. 41];**<br><br>**AND**<br><br>**(4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br>**[ECF No. 44]** |

*Pro se* inmate Plaintiff Duwayne Jackson claims that prison official Defendants Fink, F. Aviles, G. Mendoza, and C. Osgood violated Plaintiff's Eighth Amendment rights. (ECF No. 6, First. Am. Compl.) Defendant Fink moves for summary judgment on Plaintiff's claims on the grounds that (1) Plaintiff failed to exhaust administrative remedies for his claims against Fink and (2) Plaintiff's Eighth

Amendment claims against Fink fail on the merits in view of the undisputed evidence. (ECF No. 41.) Plaintiff cross-moves for summary judgment on his claims against all Defendants. (ECF No. 44.)

On May 28, 2019, Magistrate Judge Barbara Major issued a Report and Recommendation ("R&R") that recommends granting Defendant Fink's motion for summary judgment based on Plaintiff's undisputed failure to exhaust administrative remedies against Fink and because the undisputed evidence shows that Plaintiff's Eighth Amendment claims against Fink fail as a matter of law. (ECF No. 56.) The R&R recommends denial of Plaintiff's motion for summary judgment, partially incorporating the analysis on Fink's motion and otherwise concluding that there are genuine disputes of material fact for Plaintiff's claims against the remaining Defendants. (*Id.*) Upon Plaintiff's request to extend the deadline to file objections, objections to the R&R were due no later than July 19, 2019. (ECF No. 59.) Plaintiff timely filed an Objection. (ECF No. 61.) Attached to the Objection is a declaration from Plaintiff that restates his view of the facts underlying his claims. (*Id*. Jackson Decl.) Defendants have not objected to the R&R.

For the reasons herein, the Court (1) overrules Plaintiff's Objection, (2) approves and adopts the R&R in part, (3) grants Defendant Fink's motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies against Fink, and (4) denies Plaintiff's motion for summary judgment against the remaining Defendants.

**LEGAL STANDARD**

The Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. "The

statute makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This legal rule is well-established in the Ninth Circuit and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a[n] R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004).

To be effective, objections must be written and specific. *See* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations" of the magistrate judge.) (emphasis added). In the absence of a specific objection, the court need only satisfy itself that there is no "clear error" on the face of the record before adopting the magistrate judge's recommendation. *Singleton v. Hernandez*, No. 16-cv-2462-BAS-NLS, 2019 WL 644101, at *17 (S.D. Cal. Feb. 16, 2019); *Afrah v. Sidhu*, No. 14-CV-02303-BAS-NLS, 2015 WL 8759131, at *1 (S.D. Cal. Dec. 14, 2015); *see also* Fed. R. Civ. P. 72(b) Advisory Comm. Notes (1983) (citing *Campbell v. U.S. Dist. Court for N. Dist. of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974)).

# DISCUSSION

**1. Defendant Fink's Motion for Summary Judgment**

Magistrate Judge Major recommends that the Court grant Defendant Fink's motion for summary judgment for two overarching reasons. (ECF No. 56 at 7–26.) First, the R&R recommends that the Court grant summary judgment for Defendant Fink on the merits of Plaintiff's Eighth Amendment claims against Fink, which largely concern Fink's role as the supervisor of Defendant F. Aviles—another Defendant who Plaintiff alleges engaged in certain underlying conduct that violated Plaintiff's Eighth Amendment rights.

First, on the merits and with respect to Plaintiff's claim that Fink was "deliberately indifferent" to a danger Defendant Aviles allegedly posed to Plaintiff, the R&R finds that the undisputed evidence shows only that Fink was aware that Aviles had searched Plaintiff's prison cell two days before a March 31, 2017 incident in which Aviles allegedly taunted and threatened Plaintiff, and yanked and pulled on Plaintiff's wrist chains. (*Id.* at 10–11.) The R&R otherwise concludes that Plaintiff fails to provide any evidence that would permit the imposition of supervisory liability on Defendant Fink, including on the grounds that Defendant Fink (1) failed to train Defendant Aviles, (2) failed to supervise Defendant Aviles, (3) failed to investigate Defendant Aviles, (4) failed to discipline Defendant Aviles, or (5) otherwise maintained an allegedly unconstitutional policy that resulted in Plaintiff's alleged injuries. (*Id*. at 14–18.)

Second, the R&R recommends that the Court grant summary judgment for Defendant Fink on the ground that the undisputed evidence shows that Plaintiff never exhausted administrative remedies against Fink in accordance with the Prison Litigation Reform Act's mandatory requirement that prisoners may not bring Section 1983 actions "with respect to prison conditions" in federal court "until such

administrative remedies as are available, are exhausted." 42 U.S.C. § 1997e(a); (ECF No. 56 at 19–16). The R&R finds that although an administrative process exists at the prison where Plaintiff was incarcerated at the time of the alleged events and although Plaintiff submitted at least three grievances, Plaintiff never submitted a grievance against Fink or asserted misconduct by Fink in the grievances he did file.

Although Plaintiff has filed an Objection, Plaintiff does not object to the vast majority of the R&R's findings and recommendations on Defendant Fink's motion for summary judgment. (ECF No. 61.) Plaintiff objects solely to a "harmless error" in the R&R's analysis that "misinterpret[s] Plaintiff[']s pleadings" to state that "Defendant Aviles pretended to act as though he was mentally challenged near the small management yard located in front of Defendants Fink[']s office[.]" (*Id*. at 2.) Plaintiff objects that he "has never indicated that Defendant Fink's office is or was near the small management yard." (*Id*.) As Plaintiff apparently recognizes, this objection plainly does not alter the R&R's findings and conclusions, nor does it have any bearing on Plaintiff's undisputed failure to exhaust administrative remedies.

Having considered the R&R and underlying papers, the Court finds no clear error in the recommendation to grant Defendant Fink's motion for summary judgment for failure to exhaust administrative remedies and adopts the R&R to that extent. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (proper exhaustion requires "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits") (emphasis, citation, and internal quotation marks omitted)). The Court declines to adopt the R&R's conclusions and recommendations on the merits of Plaintiff's claims against Defendant Fink because, as the R&R observes (ECF No. 56 at 19), "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). Plaintiff's failure to exhaust

renders unnecessary a summary judgment decision on the merits of Plaintiff's claims against Defendant Fink.[1] Defendant Fink is dismissed without prejudice.

**2.      Plaintiff's Motion for Summary Judgment**

The R&R recommends denial of Plaintiff's cross-motion for summary judgment on his claims against all Defendants. (ECF No. 56 at 26–33.) Because the Court has approved and adopted the R&R's recommendation to grant Defendant Fink's motion for summary judgment, the Court limits its analysis to the R&R's findings and conclusions regarding Defendants Aviles, G. Mendoza, and C. Osgood.

With respect to Plaintiff's claims against Defendants Mendoza and Osgood, the R&R concludes that Plaintiff has not carried his initial burden to show an entitlement to summary judgment on his Eighth Amendment claims against these Defendants. Plaintiff's claims arise from a May 3, 2017 incident in which Plaintiff was transferred from suicide watch in the mental health crisis bed alternative housing unit to a mental health crisis bed at California State Prison Lancaster. During this incident, Plaintiff allegedly asked Defendant Mendoza to be separated from another inmate who Defendant Osgood was preparing for transfer in the same escort van, but Defendant Mendoza rejected the request. The inmate allegedly taunted Plaintiff after Plaintiff stated that he was under suicide watch and the inmate kicked Plaintiff for three hours during the transport. The R&R observes that Plaintiff concedes the

---

[1] The Court observes that the declaration attached to Plaintiff's Objection appears to make a new factual assertion regarding Defendant Fink not previously presented in order to bolster the merits of Plaintiff's Eighth Amendment claims against Fink. Plaintiff states that "[i]n the past I reported Officer Aviles, harrasment [sic] and misconduct to Sergeant Fink, during his visitation rounds in administrative segregation unit inmate cell front visits." (ECF No. 61 Jackson Decl. ¶ 7.) Whether true or not, this new factual averment has no bearing on Plaintiff's failure to exhaust administrative remedies for the claims he raises in this action against Defendant Fink.

existence of genuine disputes of material fact regarding this incident and that no other evidence supports Plaintiff's position as a matter of law. (ECF No. 56 at 33.) Plaintiff's Objection does not address these findings and conclusions. Having reviewed the R&R and the underlying papers, the Court finds no clear error in Judge Major's findings and recommendation to deny Plaintiff's motion for summary judgment with respect to Defendants Mendoza and Osgood.

With respect to Plaintiff's claim against Defendant Aviles, the R&R concludes that there are genuine disputes of material fact regarding the injuries Plaintiff claims he sustained on March 31, 2017 as a result of Aviles allegedly yanking on Plaintiff's wrist chains. Plaintiff again concedes the existence of disputed facts because Plaintiff's and Aviles' declarations regarding this incident are "contradictory." (ECF No. 44 at 10.) As the R&R concludes, the evidence in the record otherwise does not show Plaintiff is entitled to summary judgment on his claim against Aviles. (ECF No. 56 at 29–30.) Defendant Aviles' crime incident report for the incident states that Plaintiff's injuries were self-inflicted, and Plaintiff's Medical Report of Injury or Unusual Occurrence reflects that Plaintiff stated that he had sustained injuries because he was scratched by his wrist chains. (*Id.* at 29.)

Plaintiff's sole objection to this analysis is that "the Court errored [sic] and misread" the medical report Plaintiff submitted. (ECF No. 61 at 2.) Plaintiff asserts that he submitted a medical report "from the March 31, 2017 incident showing abrasions and scratch[e]s on his arms and wrist and noting that Plaintiff reported being 'snatched by waiste [sic] chains[.]'" (*Id.* at 3.) The Court does not understand Plaintiff's objection because this is precisely what the R&R accurately states regarding the medical report concerning the March 31, 2017 incident. Indeed, Plaintiff attaches to his Objection the same medical report that he submitted in his

summary judgment briefing. (*Compare* ECF No. 44 Ex. B *with* ECF No. 61 Ex. A at 6.) The Court therefore overrules Plaintiff's "objection." Having reviewed the R&R and underlying papers, the Court finds no clear error in Judge Major's findings and recommendation to deny Plaintiff's motion for summary judgment with respect to Defendant Aviles.

## CONCLUSION & ORDER

For the foregoing reasons, the Court (1) **OVERRULES** Plaintiff's Objection, (ECF No. 61) and (2) **APPROVES IN PART AND ADOPTS IN PART** the R&R (ECF No. 56) as follows:

1. The Court **GRANTS** Defendants' motion for summary judgment on Plaintiff's claims against Defendant Fink solely on the ground of failure to exhaust administrative remedies. Defendant Fink is **HEREBY DISMISSED WITHOUT PREJUDICE**. *See Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005) (noting that a judgment on the basis of failure to exhaust administrative remedies should be without prejudice).

2. The Court **DENIES** Plaintiff's motion for summary judgment with respect to the remaining Defendants. This case will otherwise proceed to trial on Plaintiff's remaining claims against Defendants F. Aviles, G. Mendoza, and C. Osgood.

3. As a final matter, Plaintiff has submitted a renewed motion for appointment of counsel. The Court advises Plaintiff that an order on his renewed motion is forthcoming. All remaining pre-trial and trial dates **REMAIN VACATED** until further order.

**IT IS SO ORDERED.**

**DATED: July 26, 2019**

Hon. Cynthia Bashant
United States District Judge